**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA\**

| | | |
|---|---|---|
| GREGORY JOHN BUSHYHEAD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 10-CV-0797-CVE-FHM |
| | ) | |
| JUSTIN JONES, Director, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Before the Court is Respondent's motion to dismiss for failure to exhaust available state remedies (Dkt. # 6). Petitioner, a state inmate represented by counsel, filed a response (Dkt. # 8) to the motion, along with a supporting brief (Dkt. # 9). For the reasons discussed below, the Court finds Respondent's motion to dismiss shall be denied.

As a preliminary matter, the Court notes that in the brief in support of the motion to dismiss (Dkt. # 7), counsel for Respondent asserts that the proper respondent in this action is Justin Jones, Director of the Oklahoma Department of Correction. See Rule 2(a), Rules Governing Section 2254 Cases. The Court agrees. Therefore, the Clerk of Court shall be directed to add Justin Jones, Director, as the party respondent. David C. Miller, Warden, shall be dismissed from this action.

*BACKGROUND*

The record before the Court demonstrates that at the conclusion of a jury trial held September 15-19, 2008, in Tulsa County District Court, Case No. CF-2007-3179, Petitioner was found guilty of First Degree Manslaughter (Count I), and Leaving the Scene of an Injury Accident (Count II). On October 28, 2008, the trial judge sentenced Petitioner in accordance with the jury's recommendation to fourteen (14) years imprisonment on Count I and nine (9) years imprisonment

on Count II, with the sentences ordered to be served consecutively. See Dkt. # 7, Ex. 3. Petitioner was represented during trial proceedings by attorney Allen M. Smallwood.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Kevin D. Adams, Petitioner raised three (3) propositions of error, as follows:

> Proposition 1: Appellant was denied a fair trial because the jury was improperly instructed on the elements of manslaughter.
>
> Proposition 2: Appellant was denied a fair trial by the court's refusal to give the requested theory of defense instruction.
>
> Proposition 3: Appellant was denied a fair sentence by the court's refusal to properly consider the available sentencing options because Appellant was convicted at a jury trial.

(Dkt. # 7, Ex. 1). In an unpublished summary opinion filed September 18, 2009, in Case No. F-2008-1072 (Dkt. # 7, Ex. 3), the OCCA affirmed the Judgment and Sentence of the trial court.

On September 24, 2009, a Judicial Review Hearing Report was filed of record. See Dkt. # 1, Ex. A. On October 19, 2009, the state district court conducted a hearing and modified Petitioner's sentence by suspending the nine (9) year sentence entered on Count II. See id.

On September 8, 2010, Petitioner filed an application for post-conviction relief.[1] See Dkt. # 1, Ex. A. By Order filed October 14, 2010, the state district court denied the application. Petitioner did not file a post-conviction appeal. Id.

Petitioner filed his petition for writ of habeas corpus on December 14, 2010 (Dkt. #1). Represented by attorney Bill J. Nunn, Petitioner raises ten (10) grounds or error, as follows:

---

[1]The application for post-conviction relief has not been provided by either party and is not part of the record before the Court.

| Ground 1: | Petitioner was denied due process of law and his right to a jury trial when the State's accident reconstructionist invaded the province of the jury, misinforming them on the law. |
|---|---|
| Ground 2: | Juror misconduct deprived Petitioner of fair and impartial jury. |
| Ground 3: | Miranda violation. |
| Ground 4: | Appellant was denied his due process rights to a jury trial because the jury was improperly instructed on the elements of manslaughter. |
| Ground 5: | Petitioner was denied a fair trial by the trial court's refusal to give the requested theory of defense instruction. |
| Ground 6: | The blood alcohol testing procedure was flawed as well as the chain of custody for sample. |
| Ground 7: | Petitioner was deprived of due process right to have blood alcohol sample independently tested as a result of the delay in providing him the blood test results and charging him with Manslaughter DUI. |
| Ground 8: | The failure to provide copies of possible exculpatory evidence to Petitioner deprived him of due process. |
| Ground 9: | As a result of ineffective assistance of appellate counsel Petitioner was denied due process. |
| Ground 10: | Petitioner was sentenced outside the boundaries of the Count II charge. |

(Dkt. # 1). In response to the petition, Respondent filed a motion to dismiss for failure to exhaust state remedies (Dkt. # 6). Respondent asserts that only grounds 4 and 5 of the petition have been presented to the OCCA. See Dkt. # 7. Respondent notes that although Petitioner filed an application for post-conviction relief, he failed to pursue a post-conviction appeal after the district court denied his application. As a result, Respondent argues that the claims presented in the application for post-conviction relief have not been presented to the OCCA and are unexhausted. Id. In response to the motion to dismiss, counsel for Petitioner acknowledges that Petitioner failed to file a post-conviction

appeal but argues that, because it would have been futile to appeal the denial of post-conviction relief, the exhaustion requirement is satisfied. See Dkt. ## 8, 9.

*ANALYSIS*

A state prisoner generally may not raise a claim for federal habeas corpus relief unless he "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To exhaust a claim, a state prisoner must pursue it through "one complete round of the State's established appellate review process," giving the state courts a "full and fair opportunity" to correct alleged constitutional errors. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). If a state prisoner has not properly exhausted state remedies, the federal courts ordinarily will not entertain an application for a writ of habeas corpus unless exhaustion would have been futile because either "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §§ 2254(b)(1)(B)(I), (ii). The state prisoner bears the burden of proving that he exhausted state court remedies, see McCormick v. Kline, 572 F.3d 841, 851 (10th Cir. 2009), or that exhaustion would have been futile, see Clonce v. Presley, 640 F.2d 271, 273 (10th Cir. 1981). Requiring exhaustion may be futile if it is clear that the state courts would impose a procedural bar on the petitioner's claims. Coleman v. Thompson, 501 U.S. 722 (1991). The exhaustion doctrine is "'principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.'" Harris v. Champion, 15 F.3d 1538, 1554 (10th Cir. 1994) (quoting Rose v. Lundy, 455 U.S. 509, 518 (1982)). "When a petitioner raises a new claim in federal court that is not barred on other procedural grounds, the federal court may, in appropriate circumstance, hold the federal case in abeyance to allow the petitioner to take his unexhausted claim back to state court for adjudication." Fairchild v.

4

Workman, 579 F.3d 1134, 1152 (10th Cir. 2009) (citing Rhines v. Weber, 544 U.S. 269, 278-79 (2005)).

After reviewing the record, the Court finds that this petition is a "mixed petition," containing both exhausted and unexhausted grounds. Only grounds 4 and 5 of the petition have been presented to the OCCA. Petitioner admits that the remaining claims have not been presented to the OCCA but argues that presentation on post-conviction appeal would have been futile. Therefore, grounds 1, 2, 3, 6, 7, 8, 9, and 10 are unexhausted. To satisfy the exhaustion requirement in this case, Petitioner would be required to file a second application for post-conviction relief in Tulsa County District Court requesting a post-conviction appeal out of time and to appeal any adverse ruling to the OCCA. Pursuant to Okla. Stat. tit. 22, § 1086, the state courts routinely impose a procedural bar on claims that could have been but were not raised in a prior proceeding, including on appeal. However, the state courts may consider Petitioner's claims if he is able to demonstrate "sufficient reason" for his failure to raise the claims in a prior proceeding. Okla. Stat. tit. 22, § 1086.

Although Petitioner argues it would have been futile to pursue a post-conviction appeal, the Court disagrees. In fact, the Court has conducted a review of the state court docket sheet for Petitioner's case. See www.oscn.net. The docket sheet for Tulsa County District Court, Case No. CF-2007-3179, reflects that on February 7, 2011, or four (4) days after filing the response to the motion to dismiss in this case, Petitioner filed a second application for post-conviction relief requesting a post-conviction appeal out of time. The request was denied on March 17, 2011. Petitioner appealed to the OCCA. On July 21, 2011, in Case No. PC-2011-263, the OCCA granted Petitioner's request for a post-conviction appeal out of time.[2]

---

[2]Counsel for Petitioner has failed to apprise the Court of these significant developments.

Because the docket sheets for Petitioner's state court actions reflect that he is in the process of exhausting state court remedies for some or all of his unexhausted claims, the Court shall deny Respondent's motion to dismiss. This matter shall be stayed pending resolution of state post-conviction proceedings. Within five (5) business days of the final ruling by the OCCA, Petitioner shall file a motion to lift stay. At that time, Petitioner shall also file a notice to the Court stating whether he intends to proceed with the ten (10) grounds raised in the habeas petition.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The Clerk of Court shall **add** Justin Jones, Director, as the party respondent. David C. Miller, Warden, is **dismissed** from this action.
2. Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. # 6) is **denied**.
3. This action is **stayed** pending resolution of state post-conviction proceedings.
4. Within five (5) business days of the final ruling by the OCCA, Petitioner shall file a motion to lift stay.
5. At that time, Petitioner shall also file a notice to the Court stating whether he intends to proceed with the ten (10) grounds raised in the habeas petition.

**IT IS SO ORDERED** this 28th day of July, 2011.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT